OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 26, 2002

The Honorable Mark Burtner
Lamar County Attorney
119 North Main Street
Paris, Texas 75460

Opinion No. JC-0532

Re: Validity of a mutual assistance agreement that would permit a municipal police officer to answer calls in the county and outside municipal jurisdiction (RQ-0498-JC)

Dear Mr. Burtner:

You have asked this office a series of questions concerning the interpretation of sections 362.002 and 362.003 of the Local Government Code and the effect of those provisions on a proposed mutual assistance agreement between the Sheriff's Department of Lamar County and the Reno, Texas Police Department.[1] This office does not construe contracts in the opinion process, and accordingly would not be able to advise on the interpretation of such a document.[2] Your questions, however, concern the authority of the parties to enter into such an agreement and its jurisdictional effects, matters upon which we can opine. In our view, subsections 362.002(a) and 362.002(b) function independently, and subsection (b) is not conditioned, as subsection (a) is, on the existence of "a state of civil emergency . . . because of disaster, riot, threat of concealed explosives, or unlawful assembly." TEX. LOC. GOV'T CODE ANN. § 362.002(a) (Vernon 1999). A peace officer of one jurisdiction acting under the authority of an agreement pursuant to section 362.002 who "is in the service of [the other contracting jurisdiction] . . . is a peace officer of the latter [jurisdiction] . . . [and] has all the powers of a regular law enforcement officer of [that jurisdiction]," including the power to make traffic arrests. Id. § 362.003(a).

Subsection (a) of section 362.002 permits a county, municipality, or joint airport "by resolution or order of its governing body" to provide "its regularly employed law enforcement officers to assist another county, municipality, or joint airport." Id. § 362.002(a). The provision of such officers, for the purpose of subsection (a) is limited to situations in which "the mayor or other officer authorized to declare a state of civil emergency [in the other jurisdiction] considers [such] officers necessary to protect health, life, and property . . . because of disaster, riot, threat of concealed explosives, or unlawful assembly characterized by force and violence." Id. Thus, a

---

[1]Letter from Honorable Mark Burtner, Lamar County Attorney, to Honorable John Cornyn, Texas Attorney General (Jan. 11, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]See, e.g., Tex. Att'y Gen. Op. Nos. JC-0355 (2001) at 3 (contract interpretation beyond purview of an attorney general opinion); JC-0032 (1999) at 4 (contract interpretation beyond purview of this office).

county, municipality, or joint airport may unilaterally send officers to another jurisdiction under subsection (a) only in the event of such a state of emergency as described.

Subsection (b), on the other hand, permits a county, municipality, or joint airport to "enter into an agreement with a neighboring [jurisdiction] to form a mutual aid law enforcement task force to cooperate in criminal investigations and law enforcement." *Id.* § 362.002(b). This subsection, then, permits a mutual agreement between the jurisdictions, not the unilateral provision of aid by one to another. Such an agreement must be made by the relevant governing bodies; the provision does not authorize a sheriff to enter into such an agreement without the express authorization of the commissioners court. *See* Tex. Att'y Gen. Op. No. JC-0263 (2000) at 6. The precise nature of the "task force" is not defined by the statute, nor does the legislative history offer such a definition. The Oxford English Dictionary defines "task force" as "any group of persons organized for a special task." XVII OXFORD ENGLISH DICTIONARY 656 (2d ed. 1989). This office has liberally construed the provision in the past. *See* Tex. Att'y Gen. Op. No. JM-0160 (1984) at 1 (statute "authorizes one county or municipality to provide law enforcement officers to another county or municipality in case the latter finds itself in need of additional officers"); *see also* Tex. Att'y Gen. Op. No. DM-77 (1992) at 3 (section generally "provides a mechanism for a governmental body, including a county, to offer the assistance of its law enforcement officers to other jurisdictions"). As we further noted in Attorney General Opinion No. JC-0263, the authority in chapter 362, which requires authorization by a local government's governing body, may confer "law enforcement authority . . . upon a peace officer" additional to that conferred by article 1403 of the Code of Criminal Procedure governing extrajurisidictional powers. *See* Tex. Att'y Gen. Op. No. JC-0263 (2000) at 6. "The statute . . . ensure[s] and make[s] clear that peace officers are to have the same authority within the area covered by the agreement as in the officer's home jurisdiction." *Chavez v. State*, 970 S.W.2d 679, 681 (Tex. App.–Eastland 1998, pet. granted), *aff'd* 9 S.W.3d 817 (Tex. Crim. App. 2000). The duties of these peace officers under the agreement are a matter for the contracting parties to decide.

There is no restriction in subsection (b) comparable to the "state of emergency" restriction in subsection (a); accordingly, we cannot insert one. *See Fitzgerald v. Advanced Spine Fixation Sys. Inc.*, 996 S.W.2d 864, 867 (Tex. 1999) (words may be added only in extraordinary situations to effect clear legislative intent). Subsections (a) and (b) describe two different kinds of situations, and operate independently of each other.

You ask further whether the proposed agreement grants a "city officer, operating in the county pursuant to the agreement, authority to make traffic stops and conduct traffic enforcement." Request Letter, *supra* note 1, at 3. Given that the parties to an agreement under section 362.002 are in the best position to know the particular law enforcement needs to be addressed by a mutual aid task force in their jurisdictions, the statute allows them to decide the scope of a task force agreement, and the duties of peace officers under the agreement are consequently a matter for the contracting parties to decide. Authority to make traffic arrests may be validly exercised by the officer under sections 362.002 and 362.003; the investigative authority of the officer is limited to that "set forth in the agreement." *See* TEX. LOC. GOV'T CODE ANN. § 362.002(b) (Vernon 1999).

You note that, under article 14.03(g) of the Code of Criminal Procedure, the statute that ordinarily governs extrajurisdictional arrests, while a municipal peace officer "*who . . . is outside of the officer's jurisdiction* may arrest without a warrant a person who commits any offense within the officer's presence or view," with regard to traffic offenses only an "officer . . . listed in Subdivision 4, Article 2.12 [of the Code of Criminal Procedure]"–that is, only Department of Public Safety ("D.P.S.") commissioned rangers or officers–may make such an arrest. TEX. CODE CRIM. PROC. ANN. art. 14.03(g) (Vernon 2002) (emphasis added). While only D.P.S. rangers or officers may make traffic arrests outside their jurisdiction pursuant to article 14.03(g), under the terms of section 362.002(c) and particularly of section 362.003(a), the officer in your hypothetical is not, in fact, outside of his or her jurisdiction. Section 362.002(c) permits such an officer to "make an arrest outside the county, municipality, or joint airport in which the officer is employed but within the area covered by the agreement." TEX. LOC. GOV'T CODE ANN. § 362.002(c) (Vernon 1999). Section 362.003(a) makes yet clearer the authority under which the officer does so:

> While a law enforcement officer regularly employed by one county, municipality, or joint airport is in the service of another county, municipality, or joint airport according to this chapter, *the officer is a peace officer of the latter* [political subdivision] and is under the command of the law enforcement officer who is in charge in that [political subdivision]. *The officer has all the powers of a regular law enforcement officer* of that [political subdivision] as fully as if the officer were in the [political subdivision] where regularly employed.

*Id.* § 362.003(a) (emphasis added). Thus, the city police officer in your hypothetical, for the purpose of the agreement, is a county peace officer in making a traffic arrest, and does so within his jurisdiction as defined by section 362.003(a). If the stop is merely investigative, however, his power is limited to that "set forth in the agreement." *See id.* § 362.002(b).

This office recently considered an analogous situation in Tex. Att'y Gen. Op. No. JC-0530 (2002). In that opinion, we were asked whether a city police officer acting as a drainage district peace officer could make warrantless arrests within the drainage district. The relevant statutory provision, section 49.216 of the Water Code, permitted the drainage district to "contract for or employ its own peace officers." *See* TEX. WATER CODE ANN. § 49.216(a) (Vernon 2000). The district in question had contracted under the Interlocal Cooperation Act with a city to provide such peace officers. Attorney General Opinion JC-0530 held that such officers were, in fact, drainage district peace officers and were within their jurisdiction in making such arrests. *See* Tex. Att'y Gen. Op. No. JC-0530 (2002) at 1. Here, too, the city police officers are, under section 362.003, officers of the county in making these traffic arrests. Accordingly, the reasoning of Attorney General Opinion JC-530 applies here, as well. A city police officer acting under the authority of the kind of contract contemplated by section 362.002(b) within the contracting county is, by virtue of section 362.003, a county officer for this purpose and is within his or her jurisdiction in enforcing traffic laws.

## S U M M A R Y

The authority of certain local governments to enter into mutual assistance agreements pursuant to section 362.002(b) of the Local Government Code is not dependent on the existence of a state of civil emergency. A city police officer acting within a county on the basis of such an agreement is, under the terms of section 362.003 of the Local Government Code, within his or her jurisdiction when enforcing traffic laws in the county.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee